H4oWmosC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                           16 Cr. 654 (JSR)


YOUSIF MOSLEH,

                                         Conference
                  Defendant.
------------------------------x

                                         New York, N.Y.
                                         April 24, 2017
                                         3:00 p.m.

Before:

              HON. JED S. RAKOFF,

                                         District Judge


                    APPEARANCES

JOON H. KIM
     Acting United States Attorney for
     the Southern District of New York
AMANDA L. HOULE
     Assistant United States Attorney

LANCE LAZZARO
     Attorney for Defendant
```

H4oWmosC

1            (Case called)
2            THE COURT:  Good afternoon.  We're here for
3    sentencing.  The parties are agreed that the total offense
4    level is 18, the criminal history category is I, and therefore
5    the guideline range, which is not binding on the Court but
6    which the Court must consider, is 27 to 33 months.
7            Let me hear first from defense counsel, then from
8    government counsel, then from the defendant if he wishes to be
9    heard.
10           MR. LAZZARO:  Your Honor, I'm going to ask that, on
11   the factors in 3553(a) that you consider a sentence of
12   probation for five years, and while I think that if you
13   consider the history of my client, Mr. Mosleh, and you'll see,
14   Judge, on the letters I submitted, a common theme throughout,
15   that when any of his friends are in need, including
16   Ms. Gonzalez, who is here in the courtroom, he's always there
17   in a moment's notice to try and help.  He'll drop everything
18   and try and help the next person, and I think that's common
19   throughout in all the letters I submitted.
20           And there was another letter, Judge, I submitted this
21   morning from City Year New York, and I think that's kind of
22   where Mr. Mosleh has learned from what he did wrong and what
23   he's now trying to do with his life.  And if your Honor looked
24   at the letter from City Year New York, your Honor, this is a
25   program that's administered through, for kids that are

1    underprivileged, where they try and do mentoring and so forth,
2    and a lot of times this agency goes to people that own stores
3    and they ask them to donate food.
4            When Mr. Mosleh was approached by this group, he ends
5    up not only doing it on two separate occasions, but he actually
6    attends and actually donates the food on two separate occasions
7    to these underprivileged students so that they can get
8    mentoring from other people.  He actually goes there.  Not only
9    does he provide the food, but he actually gives it out and does
10   everything, and he's done that on two or three separate
11   occasions for City Year.  And I think if you look at the letter
12   that I submitted from Ms. Bratledge, she says that what he's
13   done is way above what any, what most people do for this
14   program.  And I think that's where Mr. Mosleh is going with his
15   life, that he's learned that what he did in 2015 is quite
16   wrong, but now you see what he's capable of becoming, Judge.
17           THE COURT:  Let me ask you this.  First, according to
18   the presentence report, I'm quoting from paragraph A(1),
19   "During his presentence interview, the defendant told the
20   undersigned officer that he had never used any type of illegal
21   drug.  However, he had previously admitted to his supervising
22   pretrial services officer that he used marijuana, and his first
23   two drug tests -- on September 7, 2016, and September 21,
24   2016 -- were positive for marijuana.  Although all subsequent
25   tests have been negative, he failed to appear for testing on

1    five occasions.  We also note that hospital records from
2    November 2014 state that he admitted to using marijuana."
3             Also, it appears that he has never to this very moment
4    submitted a financial statement as required by the probation
5    office.
6             (Counsel conferred with defendant)
7             MR. LAZZARO:  Judge, he actually, either Wednesday or
8    Thursday of last week, he actually brought --
9             THE COURT:  When?
10            MR. LAZZARO:  Wednesday or Thursday of last week, he
11   brought it to pretrial.
12            (Counsel conferred with defendant)
13            THE COURT:  What happened to the weeks before that?
14            MR. LAZZARO:  He was having trouble filling it out,
15   and he came to my office and I helped him.  And he brought it.
16            THE COURT:  Does someone have a copy of that?
17            MR. LAZZARO:  I know that he gave it to pretrial.  Let
18   me see if I made a copy of it, Judge.
19            I did not make a copy of it, your Honor, but it was
20   submitted.  He actually brought it down to pretrial and
21   submitted it himself.
22            THE COURT:  How can I impose sentence without having
23   that information?  It appears to me, first, that he lied to the
24   probation officer; second, that he didn't appear on numerous
25   occasions when directed to by the probation officer, presumably

because he knew he would test positive then; and third, even though part of your entire application to the Court for a low sentence is based on financial circumstances of both him and those he supports, we haven't received a financial statement, even though weeks were provided to do so.  It sounds to me like we're in one of two situations.  Either we can't go forward with sentence today, or if we do, I'm going to infer, unless I hear some good reason from you, that this guy thumbed his nose at the probation department.

         MR. LAZZARO:  Judge, I would ask that we adjourn the sentencing.  He did not thumb his nose at probation.

         THE COURT:  Does he deny lying to the probation officer?

         (Counsel and defendant conferred)

         MR. LAZZARO:  He has no explanation why he said that, Judge.

         THE COURT:  All right.  So he admits it.

         MR. LAZZARO:  He does.

         THE COURT:  What about all the times he failed to appear?

         (Counsel and defendant conferred)

         MR. LAZZARO:  He says that he did miss four appearances, but he said that was due to conflicts with his work schedule.

         THE COURT:  Wait, wait.

H4oWmosC

1       MR. LAZZARO:  Your Honor --
2       THE COURT:  So apparently he's more interested in that
3  than in the sentence that this Court is going to impose,
4  because he pays no attention to the directions of the probation
5  officer.  I'm going to grant you an adjournment, because if I
6  had to impose sentence right now, I would be drawing such
7  negative inferences about him and his character that I would
8  probably give him more of a sentence than I properly should.
9  We will adjourn this sentence.
10      Let's see what's available on Friday this week.
11      THE DEPUTY CLERK:  Friday of this week, the 28th, you
12 are out in the afternoon, at 1:15.
13      THE COURT:  OK.  What about the morning?
14      THE DEPUTY CLERK:  And the morning is free.
15      THE COURT:  11:00 Friday.  We'll see you then.
16      (Adjourned)